Armour Fertilizer Works, Plaintiff and Appellant, v.
Faustino Carrasquillo, Defendant and Appellee.

No. 6214.   Argued February 7, 1934—Decided January 30, 1935.

R. Buscaglia for appellant.   J. Vendrell for appellee.

Mr. Justice Wolf delivered the opinion of the court.

At the trial of this case evidence was introduced tending to show that Faustino Carrasquillo owed the Santini Fertilizer Company a certain amount of money. A witness was originally allowed to state without objection that the claim of the Santini Fertilizer Company now belonged to the Armour Fertilizer Works, the plaintiff in this case. At the instance of the defendant this testimony was stricken. The theory of the defendant and of the court was that, as the claim of the Santini Fertilizer Company was secured by mortgage, the cession of the credit ought to be shown by a similar authentic document.

The appellant maintains and shows that it was not relying in this action on the security furnished by the mort-

gage, but merely on the transfer of the principal obligation. We agree with the appellant. All that the plaintiff was seeking was a money judgment, and to that it was entitled. Another question might be presented if appellant was relying on the mortgage. There was nothing in the complaint that would justify a foreclosure and specifically the appellant said so at the trial. See in this connection *Font* v. *Rosales,* 42 P.R.R. 606, and *Luyando* v. *Díaz,* 46 P.R.R. 668.

■ Another error assigned was the ruling of the court on fees. As this claim was based on an agreed amount the plaintiff did not have to wait for the presentation of a memorandum of costs, but could claim the amount in the complaint, as it did.

■ The appellant asks that this court render judgment for the plaintiff and says that there is sufficient in the record to justify such a judgment. It transpires, however, that the court below sustained the elimination prayed by the defendant and that thereafter he moved for a nonsuit. It is evident that after the elimination there was no due evidence before the court which the defendant could refute. From an inspection of the record it seems likely that the plaintiff ought to have prevailed in the case, but we feel powerless to cause such a judgment to be entered, because as the case stood there was no sufficient evidence left in the record to prove the averments of the complaint, and even if there had been, the defendant should be given an opportunity to meet it. Therefore, we feel bound to hold that the case must be sent back for further proceedings. It may be that the court would feel itself entitled to go on with the trial allowing the plaintiff to finish its case, but if this can not be done, a new trial should be ordered, or otherwise, in the court's discretion. The idea would be to give the defendant a chance to be heard in his defense after a prima facie showing by the plaintiff.

The judgment appealed from will be reversed and the case sent back for further proceedings not inconsistent herewith.